Ludeling. C. J.
Smith & Zeigler obtained an order of seizure and sale of the plantation of the defendant, and caused the plantation, with all the farming implements, mules, etc., to be seized and advertised. Alex. Thompson intervened, and claime.d that fourteen mules, one cow, carts, plows, etc., belonged to him, and he prayed for the property or its value, which-he alleged to-be worth $1650, and for fifty dollars per month, the value of the use of said property, during the time he was deprived of it. He subsequently amended his petition *316 alleging that the property was worth $2650. There was judgment for the third opponent for $2295 63, with legal interest from date of judg~ ment, unless the property were restored within thirty days from the rendition of the judgment. The plaintiff has appealed.
There are two bills of exceptions in the record. One to the ruling of the judge permitting the husband of the defendant to testify in regard to the ownership of the property-claimed by the third opponent. As between the third opponent and the plaintiff, he was a competent witness, and the wife was not aicontestant in that controversy.
The other bill of exceptions was to the refusal of the judge to allow a witness to state his opinions or conclusions as to the effect' placing the mules in controversy on the plantation had in giving defendant credit.
We think the ruling of the judge a quo correct. Besides, the debt of the plaintiff was created before the mules, etc., were placed' on said plantation.
Schmidt & Zeigler, seizing creditors, say that the third opposition was not in time, as it was not served on them till after the sale. The record shows that the petition was filed before the sale, and served on the sheriff. The seizing creditors resided in New Orleans; hence the delay in making the service. But it appears that one of the creditors was at the sale and was notified of the claim of the third opponent.
The judgment of the lower court is correct under the evidence in the record, which is not contradicted.
It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.
Rehearing refused.